IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OLEANNYS PINA ALVARDO,            ) | |
|            ) | |
|     Petitioner,            ) | |
| v.            ) | Case No. CIV-26-098-PRW |
|            ) | |
| KRISTI NOEM, et al.,            ) | |
|            ) | |
|     Respondents.            ) | |

## ORDER

Before the Court is Petitioner's Motion for Temporary Restraining Order (Dkt. 3), in which Petitioner seeks an order prohibiting Respondents from transferring Petitioner outside the Western District of Oklahoma. Petitioner asserts that a non-transfer order is necessary to preserve this Court's jurisdiction and thereby permit expeditious resolution of her Petition for Writ of Habeas Corpus (Dkt. 1). Upon review, the Court **DENIES** the Motion (Dkt. 3).

"A temporary restraining order is an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are scrupulously honored."[1] Under Rule 65(b) a court may only issue a temporary restraining order without written or oral notice to the adverse parties only if the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Petitioner has not suggested any efforts to notify any Defendant of her motion, nor has she provided any reasons for her inability to

---

[1] *Honeycutt v. Mitchell*, No. CIV-08-140-W, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (footnotes omitted).

1

provide such notice. Although Petitioner is pro se, "the Court may deny [her] motion on this procedural ground."[2]

Additionally, Petitioner is incorrect that "[a] non-transfer order is [] necessary to preserve the status quo and to ensure that this Court retains jurisdiction to decide the merits of Petitioner's habeas petition."[3] Rather, "[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."[4] The transfer of Petitioner to another facility located within the United States would not affect this Court's jurisdiction. Thus, a non-transfer order is not needed to prevent any alleged harm to the Petitioner.

Because Petitioner failed to comply with Rule 65(b) and the requested non-transfer order is unnecessary, the Court **DENIES** the Motion (Dkt. 3).

**IT IS SO ORDERED** this 13th day of February 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[2] *Thomas v. Fisher*, No. CIV-23-1006-F, 2024 WL 5295380, at *2 (W.D. Okla. Nov. 25, 2024), *rec. adopted*, No. CIV-23-1006-F, 2025 WL 44142 (W.D. Okla. Jan. 7, 2025) (citing *Truitt v. Bear*, No. CIV-19-581-F, 2019 WL 6833722, at *1 (W.D. Okla. Nov. 20, 2019), *rec. adopted*, No. CIV-19-581-F, 2019 WL 6829961 (W.D. Okla. Dec. 13, 2019)).

[3] Mot. for TRO (Dkt. 3), at 5.

[4] *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985).